Michael B. Bernacchi (SBN 163657)
E-mail: mbernacchi@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Plaintiff Reliance Standard
Life Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>    v.<br><br>EUGENIA JAMES, Individually and in her capacity as mother and natural guardian of T.R.J and M.B.J.; T.R.J., a minor; M.B.J., a minor,<br><br>        Defendants. | Case No. 2:25-cv-9452<br><br>**COMPLAINT IN INTERPLEADER** |

Reliance Standard Life Insurance Company files this Complaint in Interpleader and avers as follows:

**JURISDICTION**

1. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), as the plan under which Defendants' claims for life insurance benefits arose is an employee welfare benefit plan that is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 – 1461.

2. This Court also has diversity jurisdiction pursuant to 28 U.S.C. §1332.

3. There is complete diversity between the parties pursuant to 28 U.S.C. §1332.

4. This Court's jurisdictional minimum, an amount in controversy more than $75,000.00, exclusive of interest and costs, was satisfied at the time of the filing of this action, and is still satisfied.

## VENUE

5. Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because one or more of the defendants resides in this district and because a substantial part of the events giving rise to this claim occurred within this district.

## PARTIES

6. Reliance is an insurance company existing under the laws of the state of Illinois, and its principal place of business is located at 2001 Market Street, Suite 1500, Philadelphia (Philadelphia County), Pennsylvania.

7. Eugenia James ("Eugenia") is an individual who, upon information and belief resides and is domiciled in Long Beach, California (Los Angeles County).

8. Eugenia is also known as Marie James.

9. T.R.J. is a minor individual who, upon information and belief resides and is domiciled in Long Beach, California (Los Angeles County).

10. M.B.J. is a minor individual who, upon information and belief resides and is domiciled in Long Beach, California (Los Angeles County).

11. Eugenia James is the mother and natural guardian of T.R.J. and M.B.J.

## FACTUAL ALLEGATIONS

12. Reliance Standard delivered group life insurance policy number GL 161024 (the "Basic Life Policy") to Akamai Technologies, Inc. ("Akamai"). A true and correct copy of the Basic Life Policy is attached hereto as **Exhibit A**.

13. Reliance Standard also delivered group life insurance policy number GL 161025 (the "Supplemental Life Policy") to Akamai. A true and correct copy of the Supplemental Life Policy is attached hereto as **Exhibit B**.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4919-9076-6698 v1

2

Case No.
INTERPLEADER COMPLAINT

14. Adam James ("Decedent") was employed by Akamai and maintained Three Hundred Sixty Thousand and 00/100 Dollars ($360,000.00) in coverage under the Basic Life Policy and Three Hundred Thousand and 00/100 Dollars ($300,000.00) under the Supplemental Life Policy (collectively, the "Policies"). A true and correct copy of the Group Life Application Proof of Loss Statement completed by a representative of Akamai is attached hereto as **Exhibit C**.

15. On or about March 4, 2014, Decedent identified Marie James as his sole spouse and beneficiary. A true and correct copy of the March 4, 2014 beneficiary designation is attached hereto as **Exhibit D**.

16. On or about November 4, 2024, Decedent identified T.R.J. and M.B.J. as equal beneficiaries under the Policy. A true and correct copy of the November 4, 2024 beneficiary designation is attached hereto as **Exhibit E**.

17. Decedent died on or about December 3, 2024. A true and correct copy of the Certificate of Death is attached as **Exhibit F**.

18. On or about December 18, 2024, Eugenie submitted a Proof of Loss Statement, identifying herself as Decedent's beneficiary and claiming entitlement to the benefits payable under the Policies. A true and correct copy of Eugenia's December 18, 2024 Proof of Loss Statement is attached hereto as **Exhibit G**.

19. On January 7, 2025, Reliance Standard denied Eugenia's claim under the Basic Life Policy and wrote "we are denying your claim for Benefits … as you are not the named beneficiary of record on file with the Policyholder". A true and correct copy of the Supplemental Life Policy determination is attached hereto as **Exhibit H**.

20. On January 7, 2025, Reliance Standard denied Eugenia's claim under the Supplemental Life Policy for the same reason. A true and correct copy of the Supplemental Life Policy determination is attached hereto as **Exhibit I**.

21. Reliance Standard notified Eugenia of her right to request a review of the adverse benefit determinations. See Exhibits H and I.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4919-9076-6698 v1

3

Case No.
INTERPLEADER COMPLAINT

22. On January 26, 2025, Eugenia submitted claim statements on behalf of T.R.G. and M.B.J. True and correct copies of the claim statements for T.R.G and M.B.J. are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

23. On March 7, 2025, Eugenia, through her attorney, appealed from the adverse benefit determination, writing in part:

> On May 10, 2023, Eugenia James commenced a marital dissolution proceeding against her husband in Los Angeles County Superior Court, Case No. 23LBFL00580. At the time, Eugenia James was designated as the beneficiary for both the basic and supplemental life insurance coverages held by Adam James through his employment.
>
> Four statutory "standard mutual restraining orders" take effect *automatically* upon commencement of a dissolution proceeding in California. One of these automatic orders restrains both parties from "cashing, borrowing against, canceling, transferring, disposing of, or *changing the beneficiaries of insurance or other coverage, including life, health, automobile, and disability, held for the benefit of the parties and their child or children for whom support may be ordered*." California Family Code §2040(a)(3) (emphasis added).

A true and correct copy of the March 7, 2025 appeal is attached hereto as **Exhibit L**, p. 2.

24. Eugenia wrote that "[t]hese restraining orders are effective against both spouses or domestic partners until the petition is dismissed, a judgment is entered, or the court makes further orders" and that "[t]he marital dissolution proceeding terminated when [Decedent] took his own life on December 3, 2024". See Exhibit L, p. 2.

25. Eugenia also challenged the designation of T.R.J. and M.B.J., writing that Decedent's "purported change in beneficiary, obviously, was in violation of California law as recited above". See Exhibit L, p. 3.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4919-9076-6698 v1

4

Case No.
INTERPLEADER COMPLAINT

26. Eugenia also wrote that "the *only* beneficiary designations for [T.R.J. and M.B.J.] appear to be excerpts from a spread sheet. There is no evidence of a *signed* beneficiary change, as required". See Exhibit L, p. 4.

27. Eugenia's claim conflicts with any claim that T.R.J. and M.B.J may assert when they attain majority age and has therefore put Reliance Standard at risk of multiple liabilities for the proceeds payable under the Policies.

28. Eugenia is the parent and natural guardian of T.R.J. and M.B.J.; however, a guardian *ad litem* may need to be appointment to protect any claims that T.R.J. and M.B.J. may assert when the reach majority age.

## COUNT I

## INTERPLEADER ACTION PURSUANT TO F.R.C.P. 22

29. Reliance Standard incorporates the preceding paragraphs of this Interpleader Complaint as if the same were set forth herein at length.

30. Rule 22 of the Federal Rules of Civil Procedure permits an action for interpleader if the Plaintiff is exposed to double or multiple liabilities because of competing claims.

31. Eugenia's claim conflicts with any claim that T.R.J. and M.B.J may assert when they attain majority age and has therefore put Reliance Standard at risk of multiple liabilities for the proceeds payable under the Policies.

32. Reliance Standard is unable to determine the proper beneficiary without further risking multiple liabilities.

33. Reliance Standard is a neutral stakeholder and has in no way colluded with any of the claimants.

34. Reliance Standard claims no interest in the benefits due, excepting only reasonable fees and costs requested below.

35. As a result of the continuing and conflicting claims, this Interpleader is necessary to ensure that the life insurance proceeds are paid to the proper person(s).

**WHEREFORE**, Reliance Standard Life Insurance Company respectfully requests that this Court enter an Order:

    (a) directing Reliance Standard to deposit the life insurance proceeds due under the Policy in the amount of Six Hundred Sixty Thousand and 00/100 Dollars ($660,000.00), representing all benefits payable under the Basic Life Policy and the Supplemental Life Policy into the registry of this Court, until the issue of entitlement to the life insurance proceeds is adjudicated;

    (b) discharging Reliance Standard Life Insurance Company from all liability related to the life insurance proceeds due under the policy, except to those persons to whom this Court shall adjudge entitled to the benefit;

    (c) enjoining any parties, named or unnamed, from initiating any action against Reliance Standard Life Insurance Company regarding the life insurance proceeds due under the policy;

    (d) awarding to Reliance Standard Life Insurance Company its reasonable fees and costs in connection with this action; and

    (e) any other relief that this Court deems equitable and just.

Dated: October 3, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Keiko J. Kojima*
Michael B. Bernacchi
Keiko J. Kojima
Attorneys for Plaintiff Reliance Standard Life Insurance Company

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4919-9076-6698 v1

6

Case No.
INTERPLEADER COMPLAINT